...

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADLI KARIM BOUAZIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-0053-B |
| | § | |
| AZT CORPORATION and | § | |
| TABANI GROUP, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant AZT Corporation's and Defendant Tabani Group, Inc.'s Partial Motion to Dismiss for Failure to State A Claim Upon Which Relief May Be Granted (doc. 8). For the reasons set forth below, the Court finds the Motion should be and hereby is **GRANTED** (doc. 8).

### I.

### BACKGROUND[1]

This action arises from Plaintiff Adli Karim Bouaziz's ("Bouaziz") employment as an asset manager and acquisition consultant with Defendants AZT Corporation and Tabani Group, Inc. ("Defendants"). Plaintiff filed a Complaint on January 12, 2010 alleging religious and disability discrimination in violation of his rights under the Family and Medical Leave Act, Title VII, the Americans with Disabilities Act ("ADA"), and the Texas Commission on Human Rights Act

---

[1] This Court takes its factual account from those allegations contained in Plaintiff's complaint. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that "all facts pleaded in the complaint must be taken as true")

("TCHRA"). (Compl. 1.) Plaintiff also alleges Defendants breached certain compensation agreements and failed to pay bonus income invested with the companies. *(Id.)* Plaintiff timely filed Title VII and ADA charges with the Equal Employment Opportunity Commission ("EEOC") and TCHRA state law claims with the Texas Workforce Commission ("TWC"). *(Id.* at 9, 10.) However, neither the EEOC nor the TWC issued right-to-sue letters prior to the Complaint being filed.[2] *Id.*

On February 3, 2010, Defendants filed the instant motion to dismiss Bouaziz's Title VII, ADA, and TCHRA claims under Federal Rule of Civil Procedure 12(b)(6). (Mot. to Dismiss 1.) The Court now turns to the merits of its decision.

## II.

## LEGAL STANDARD

### A. 12(b)(6) Motion to Dismiss

Under Rule 12(b)(6), the Court may dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss, the Court should accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotations omitted). However, the factual allegations must support plausible cause of action and sufficiently to raise the right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

### B. Conditions for Filing Title VII and ADA Claims

---

[2]The Court acknowledges that Plaintiff received the EEOC and TWC right-to-sue letters on June 3, 2010 and June 7, 2010 (doc. 20).

Before Plaintiff may pursue Title VII or ADA claims in federal court, he must first exhaust all available administrative remedies. *Hall v. Cont'l Airlines, Inc.*, 252 Fed. App'x 650, 653 (5th Cir. 2007); *see EEOC v. Waffle House, Inc.*, 534 U.S. 279, 285 (2002) (noting that Congress has directed the EEOC to exercise the same enforcement powers and procedures found in Title VII when enforcing ADA). A Plaintiff has exhausted the available remedies once he: (1) files a timely complaint with the EEOC, (2) the agency dismisses the claim, and (3) they inform him of his right to sue in federal court. *Hall,* 252 Fed. App'x at 653. The exhaustion of these remedies is a statutory condition precedent to bringing suit rather than a jurisdictional prerequisite. *Pinkard v. Pullman-Standard, a Div. of Pullman, Inc.*, 678 F.2d 1211, 1218-19 (5th Cir. 1982).[3] Although a plaintiff may demand a right to sue letter 180 days after the charges are filed with the EEOC, courts have held that the right to sue letter must be received before a motion to dismiss is filed for the suit to proceed. *See* 42 U.S.C. § 2000e-5(f)(1); *See, e.g., Barton v. Am. Eurocopter Corp.*, No. Civ.A.4:02CV516-Y, 2002 WL 32487882, at *3 (N.D. Tex. Oct. 10, 2002) (dismissing case because right to sue letter was received after defendant filed motion to dismiss); *Sanborn v. David A. Dean & Assocs.*, No. Civ.A.3:98-CV-2239-D, 1998 WL 690608, at *1, 2 (N.D. Tex. Sept. 29, 1998) (dismissing claim for failure to exhaust administrative remedies at time 12(b)(6) motion was filed); *Gates v. City of Dallas*, No. CIV. A. 3:96-CV-2198-D, 1997 WL 405144, at *2 n. 2 (N.D. Tex. July 15, 1997) (rejecting plaintiffs' contention that they may avoid dismissal of their claims so long as

---

[3]The Court recognizes a split in the Fifth Circuit as to whether exhaustion of administrative remedies is a condition precedent or jurisdictional prerequisite to bringing suit. *Compare Pinkard*, 678 F.2d at 1218-19 (concluding that exhaustion is a condition precedent), *with Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990) (concluding that exhaustion of administrative remedies is a jurisdictional issue). However, since neither party has elected to raise this issue in their briefs, the Court declines to address it further.

they are able to obtain a right to sue letter at some point during the pendency of the action).

### C.  Conditions for Filing a TCHRA Claim

Like Title VII claims, plaintiffs claiming violations under the TCHRA must first exhaust administrative remedies prior to bringing civil action. *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991) (noting that the purpose of TCHRA is to provide for the execution of policies embodied in Title VII). Exhaustion occurs when a Plaintiff receives a right to sue letter or waits 180 days for the complaint to be resolved. *Jones v. Grinnell Corp.*, 235 F.3d 972, 975 (5th Cir. 2001) (dismissing suit because plaintiff did not receive right to sue letter from the Texas Commission on Human Rights or wait 180 days).

## III.

## ANALYSIS

Defendants contend that Bouaziz failed to exhaust his administrative remedies, which is a condition precedent to filing suit. (Mot. To Dismiss at 4-5.) Bouaziz responds by requesting that the Court leave latent ADA, Title VII and TCHRA claims in the Complaint out of convenience rather than requiring that he formally amend the Complaint because the EEOC and TWC will inevitably issue right-to-sue letters after the expiration of 180 days. (Pl. Resp. To Def. Mot. to Dismiss 2.) Alternatively, Bouaziz argues that Federal Rule of Civil Procedure 8(d)(2) authorizes hypothetical and alternative pleadings, which encompasses the contingent claims in this case. *(Id.* at 3.)

Plaintiff had not received a right-to-sue letter from the EEOC or TWC at the time this Motion was filed. *See Barton*, 2002 WL at *3. Furthermore, the 180 day statutory period had not expired, which would have entitled Plaintiff to demand a right-to-sue letter. Accordingly, Plaintiff

had not exhausted all administrative remedies, which is a condition precedent to bringing suit. Although inconvenient, the Court finds Plaintiff must re-file these claims upon receipt of the right-to-sue letters to proceed on such claims. As such, the Court finds that Defendant's Partial Motion should be and hereby is **GRANTED**.

## IV.

## CONCLUSION

For the reasons set forth in this Order, the Court **GRANTS** Defendants' Motion to Dismiss (doc. 8). Accordingly, the Court hereby **ORDERS** Plaintiffs' Title VII, ADA and TCHRA claims be **DISMISSED without prejudice**.

**SO ORDERED.**

DATED July 9, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE