UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADLI KARIM BOUAZIZ, | § | |
| | § | |
| Plaintiff/Counter-Defendant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-053-B |
| | § | |
| AZT CORPORATION and | § | |
| TABANI GROUP, INC. | § | |
| | § | |
| Defendants/Counter-Plaintiffs. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court Plaintiff's Motion to Dismiss Amended Counterclaim Under Rules 9(b) and 12(b)(6) (doc. 15). For the reasons set forth below, the Court finds the Motion should be **GRANTED** in part and **DENIED** in part (doc. 15).

### I.

### BACKGROUND[1]

Counter-Plaintiffs AZT Corporation and Tabani Group, Inc. ("Counter-Plaintiffs"), are corporations located in Dallas, Texas. They bring this action against Counter-Defendant Adli Karim Bouaziz ("Bouaziz"), who was an employee of Counter-Plaintiffs for just over two years. (Am. Countercl. ¶¶ 4.7, 4.27.) The present dispute arises from alleged false statements that Bouaziz made

---

[1]The Court takes its factual account from those allegations contained in Counter-Plaintiff's complaint. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that "all facts pleaded in the complaint must be taken as true"); *see also Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993) (noting that allegations should also be taken as true when evaluating sufficiency of a complaint under Rule 9(b)).

when initially seeking employment with the company. (*Id.* at ¶ 4.4.)

On or before July 26, 2006, Bouaziz made both verbal and written representations to Musthak Khatri ("Khatri"), Counter-Plaintiffs' senior officer, that he possessed the skills and experience to become a successful Acquisition Manager, that he would take on an entrepreneurial role in originating and coordinating deals, that he had sufficient knowledge of the hotel industry to take the lead on hotel projects, and that he understood the basic methodology of Counter-Plaintiffs' projects. (*Id.*) To support these representations, Bouaziz claimed to have managed projects in excess of seven billion dollars at some of the world's most successful companies and obtained close to 250% returns on side projects with the return on investment climbing from zero to almost one million in four years. (*Id.* at ¶ 4.5.)

Following these representations, Counter-Plaintiffs hired Bouaziz as Acquisitions Manager. (*Id.* at ¶ 4.7.) Although unable to originate any deals, Bouaziz took leadership roles on three investment projects: the Raleigh Springs Project, the Roatan Hotel Project, and the Suites at Old Town Project. (*Id.* at ¶¶ 4.11-4.26.) As part of the Raleigh Springs Project, Bouaziz was expected to have the property renovated, leased, financed, and sold by 2008. (*Id.* at ¶ 4.14.) However, Bouaziz delayed renovations on the project and failed to timely lease the property causing Counter-Plaintiffs substantial losses. (*Id.* at ¶ 4.15.) To complete the Roatan Hotel Project, Bouaziz needed to find a hotel chain to partner with and design an environmentally friendly hotel for family visitors in Honduras. (*Id.* at ¶ 4.17.) Bouaziz targeted a hotel chain that had already partnered with a nearby property and failed to incorporate environmental designs or family elements into the project. (*Id.* at ¶¶ 4.18-4.19.) Counter-Plaintiffs abandoned this project as a result of these mistakes. (*Id.* at ¶ 4.19.) Bouaziz was assigned to the Suites at Old Town Project to redevelop the property as a

residential area.  (*Id.* at ¶ 4.20.)  However, he overpaid for the property, pulled the application for zoning prior to his termination, and failed to adequately secure an environmental clearance for asbestos prior to authorizing renovation work.  (*Id.* at ¶ 4.22-4.25.)  Bouaziz's resigned on July 20, 2009 following these mishaps.  (*Id.* at ¶ 4.31.)

Bouaziz filed a Complaint (doc. 1) on January 12, 2010 alleging religious and disability discrimination in violation of the Family and Medical Leave Act, Title VII, Americans with Disabilities Act, and Texas Commission on Human Rights Act.  On February 26, 2010, Counter-Plaintiffs filed an Amended Counterclaim (doc. 12) alleging breach of fiduciary duty and fraudulent inducement.  Under the inducement claim, Counter-Plaintiffs specifically allege that: (1) Bouaziz falsely represented his prior work experience to Counter-Plaintiffs, which is evident from the fundamental errors in his work, (2) Bouaziz either knew the representations were false or made the representations recklessly without knowledge of their truth, (3) he intended that Counter-Plaintiffs rely on the representations so that they would hire him and entrust him with leadership roles, and (4) Counter-Plaintiffs have been damaged as a direct and proximate result of the conduct.  (First Am. Countercl. ¶¶ 6.2-6.7.)  In addition to actual and consequential damages, Counter-Plaintiffs seek punitive damages and attorney fees pursuant to Sections 41.003 and 38.001 of the Texas Civil Practice and Remedies Code.  (*Id.* at ¶¶ 6.9, 7.2, 8.2.).

Bouaziz filed the instant Motion (doc. 15) on March 4, 2010 seeking dismissal of the fraudulent inducement claim under Rules 12(b)(6) and 9(b) and request for attorney fees under Rule 12(b)(6).  Given the parties' briefings and applicable legal authority, the Court now turns to the merits of the decision.

## II.

## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss, the Court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotations omitted). However, the Complaint must contain "enough facts to state a claim to relief that is plausible on its face" and "raise [that] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A plaintiff's claim meets the plausibility threshold when he "pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted).

### B. Federal Rule of Civil Procedure 9(b)

A dismissal for failure to plead with particularity under Rule 9(b) is treated as a Rule 12(b)(6) dismissal for failure to state a claim. *United States ex rel. Dekort v. Integrated Coast Guard Sys.*, No. 3:06-CV-1792-O, 2010 WL 1330521 at *6 (N.D. Tex. April 5, 2010) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir.1996)). In alleging fraud or mistake under Rule 9(b), "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this particularity requirement, the plaintiff must allege "the particulars of time, place, and contents of false representations . . . , as well as the identity of the person making the misrepresentation and what that person obtained thereby, otherwise referred to as the who, what,

when, where, and how of the alleged fraud." *E.g., United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 384 (5th Cir. 2003) (internal quotations omitted). However, the Court reads Rule 9(b) in conjunction with Rule 8, which simply requires that the defendant be given fair notice of the plaintiff's claim and the ground upon which it rests. *Id.; see Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). The Court guides its Rule 9(b) analysis by examining the rule's purposes, which are: "'(1) to ensure that the plaintiff has investigated and reasonably believes a fraud has occurred; (2) to provide adequate notice to defendants so that they can respond to the plaintiff's claims; . . . (3) to protect the reputation of defendants'" and (4) "'to preclude litigants from filing baseless complaints and then attempting to discover unknown wrongs.'" *Hisey ex rel. Estate of Benavides v. Fisher-Price, Inc.*, No. Civ.A. 103CV080C, 2003 WL 22332134, at *2 (N.D. Tex. April 6, 2003) (quoting *Tuchman v. DSC Commc'ns Corp.*, 818 F.Supp. 971, 977 (N.D. Tex. 1993)).

**C. Fraudulent Inducement**

Under Texas law, a claim of fraud requires "'a material misrepresentation, which was false, and which was either known to be false when made or was asserted without knowledge of its truth, which was intended to be acted upon, which was relied upon, and which caused injury.'" *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998) (quoting *Sears, Roebuck & Co. v. Meadows*, 877 S.W.2d 281, 282 (Tex. 1994)).

To establish fraud, the representation at issue must concern a material fact rather than an expression of opinion. *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 276 (Tex. 1995). This fact-opinion determination will largely depend on the circumstances from which the statement was made. *Id.* Courts may consider "the statement's specificity, the speaker's knowledge, the comparative levels of the speaker's and hearer's knowledge, and whether the statement relates to the present or the

future." *Id.* However, a statement of opinion "may be treated as an actionable statement of fact when the opinion is based on or buttressed with false facts." *Id.* at 277. A statement is material if a reasonable person would find it important and induced to act on it. *Citizens Nat'l Bank v. Allen Rae Invs., Inc.*, 142 S.W.3d 459, 478-79 (Tex. App.–Fort Worth 2004, no pet.). However, the statement need not be the party's sole reason for entering into a contract so long as party relied on the representation. *Brush v. Reata Oil & Gas Corp.*, 984 S.W.2d 720, 727 (Tex. App.–Waco 1998, pet. struck)

### D. Attorney Fees

Under Texas Civil Practice & Remedies Code § 38.001, a party may recover reasonable attorney fees for claims of rendered services, performed labor, furnished material, freight or express overcharges, lost or damaged freight or express, killed or injured stock, a sworn account, or an oral or written contract. Texas courts have consistently held that prevailing parties may only recover attorney fees as permitted by statute or contract. *Holland v. Wal-Mart Stores, Inc.,* 1 S.W.3d 91, 95 (Tex. 1999). Accordingly, parties may not recover fees for torts or torts intertwined with contract law. *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 667 (Tex. 2009).

## III.
## ANALYSIS

Bouaziz contends that the Counter-Plaintiffs' fraudulent inducement claim should be dismissed for failure to plead with particularity under Rule 9(b) or alternatively for failure to plead a plausible claim of fraud under Rule 12(b)(6). Bouaziz also argues that parties may not recover attorney fees for tort claims. The Court will consider each of these issues in turn.

### A. Argument for Dismissal of Fraudulent Inducement Claim Pursuant to Rule 9(b)

Bouaziz argues that Counter-Plaintiffs' assertions in the amended complaint fail to meet Rule 9(b)'s requirements because: (1) the fraud claim does not state when, where, what, and how the statements were made as to all the claims, nor how the statements were fraudulent, (2) the *original* complaint indicates that the representations were false based on information and belief,[2] and (3) the claim fails to specify facts explaining how and from whom defendant supposedly learned the alleged statements were false. Contrary to Bouaziz's arguments, the Amended Complaint explicitly states that Bouaziz made verbal and written email representations on or around July 26, 2006 to Mushtak Khatri that he had the knowledge and skills for the position of Acquisition Manager. *See, e.g.*, *United States ex rel. Willard*, 336 F.3d at 384 (requiring the who, what, when where, and how of the alleged fraud to satisfy Rule 9(b)). The Complaint supports these assertions with detailed representations regarding his experience and skills. *See id.* The specificity in the pleading provides sufficient detail to give notice for Bouaziz to respond to the claims and to ensure that Counter-Plaintiffs believe that the fraud occurred. Although Bouaziz cites no authority that requires Counter-Plaintiffs to plead how and from whom they learned that the representations were false, Counter-Plaintiffs in fact claim the statements' falsity based on Bouaziz's errors when serving as project manager. Accordingly, Counter-Plaintiffs have plead with sufficient detail to meet the requirements of Rule 9(b). To the extent that Bouaziz seeks dismissal for the fraudulent inducement claim pursuant to Rule 9(b), the Court **DENIES** the Motion.

---

[2] The Court declines to consider the original complaint as evidence that Counter-Plaintiffs failed to plead with particularity pursuant to Rule 9(b). *See Proctor & Gamble Def. Corp. v. Bean*, 146 F.2d 598, 601 n.7 (5th Cir. 1945) ("An amended pleading which is complete in itself and does not refer to or adopt a former pleading as a part of it, supersedes the former pleading. The original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.") (internal quotations omitted).

### B. Argument for Dismissal of Fraudulent Inducement Claim Pursuant to Rule 12(b)(6)

Alternatively, Bouaziz contends that his alleged representations as described by Counter-Plaintiffs constitute opinions or judgments rather than representations of material fact such that they do not give rise to actionable fraud. However, these representations are supported by detailed facts, including his statements that he managed projects in excess of seven billion dollars and obtained returns in excess of 200%. Accordingly, Bouaziz's representations as to his qualifications for employment may be treated as actionable statements of fact rather than opinions. *See Transp. Ins. Co.*, 898 S.W.2d at 277 (noting that opinions supported with facts are actionable under fraud). Furthermore, a prospective employer would likely attach importance to prior work experience in making hiring decisions. *See Citizens Nat'l Bank,* 142 S.W.3d at 478-79. Thus, these representations are also material, which gives rise to an actionable claim of fraud. *Cf. Brush*, 984 S.W.2d at 728 (noting that misrepresentation may be material even though it is not the party's sole reason for entering contract). Based on Bouaziz's fundamental errors as project manager, Counter-Plaintiffs' allegations of fraudulent inducement are certainly plausible enough to raise the right to relief above a mere speculative level. To the extent that Bouaziz seeks dismissal for the fraudulent inducement claim pursuant to Rule 12(b)(6), the Court **DENIES** the Motion.

### C. Argument for Dismissal of Attorney Fees Pursuant to Rule 12(b)(6)

Bouaziz also argues that Counter-Plaintiffs may not recover attorney fees for the fraudulent inducement and breach of fiduciary duty claims because plaintiffs may not recover attorney fees for tort claims. Counter-Plaintiffs respond that a plaintiff may recover attorney fees for tort claims rooted in contract law. However, Counter-Plaintiffs' interpretation of Civil Practice & Remedies Code § 38.001 was rejected by the Texas Supreme Court. *See MBM Fin. Corp.,* 292 S.W.3d at 667.

The Court explicitly rejected this "intertwining exception" by denying fraud claims arising from breach of contract.  *Id.*  Accordingly, Counter-Plaintiffs may not recover attorney fees for the torts of fraudulent inducement and breach of fiduciary duty.  *See Holland*, 1 S.W.3d at 95 (noting that prevailing party in suit may only recover attorney fees as permitted by statute or by contract).  To the extent that Bouaziz seeks dismissal of Counter-Plaintiffs' claim for attorneys fees pursuant to Rule 12(b)(6), the Court **GRANTS** the Motion.

### IV.

### CONCLUSION

To the extent that Bouaziz seeks dismissal for the fraudulent inducement claim pursuant to Rules 9(b) and 12(b)(6), the Court **DENIES** the Motion.  To the extent that Bouaziz seeks dismissal of the claim for attorneys fees pursuant to Rule 12(b)(6), the Court **GRANTS** the Motion.  For the reasons set forth in this Order, the Court hereby orders that the Counter-Defendant's Motion to Dismiss be **GRANTED** in part and **DENIED** in part.

SO ORDERED.

DATED July 9, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE