IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ADLI KARIM BOUAZIZ | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0053-B |
| | § | |
| AZT CORPORATION, ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Plaintiff Adli Karim Bouaziz has filed an expedited motion to compel discovery responses in this civil action brought under various federal anti-discrimination statutes and for breach of contract, unjust enrichment, breach of fiduciary duty, and promissory estoppel under Texas law. Succinctly stated, plaintiff alleges that he was wrongfully terminated from his job as an asset manager and acquisitions consultant for AZT Corporation ("AZT"), and that defendant breached its compensation agreement with plaintiff by failing to pay him bonus income invested with the company. (*See* Plf. First Am. Compl. at 1, § 1.01). Defendant alleges by way of counterclaim that plaintiff mismanaged certain properties, resulting in millions of dollars in lost profits. (*See* Plf. Mot. at 2-3). At issue in this discovery dispute is a single request for production of documents pertaining to certain properties managed by plaintiff while employed by AZT. Request No. 43 asks defendant to produce:

> [A]ll documents related to the acquisition, management, profitability, marketing, value (including tax value) and/or disposition of the following projects:

- The Raleigh Springs Project
- The Roatan Hotel Project
- The Suites at Old Town Project
- Any other projects on which Plaintiff worked.

(*See id.* at 5 & Exh. A at 26). Defendant objects that the document request is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. (*See id.*, Exh. B at 43). Plaintiff argues that this financial information, which includes balance sheets, income statements, and cash flow reports, is relevant to the issue of damages and defendant's allegations of mismanagement. (*See* Plf. Mot. at 2, 6). In order to allow sufficient time for his damages expert to review this financial information, plaintiff also requests a 30-day extension of the expert witness designation deadline. The parties have briefed their respective positions in a joint status report filed on December 22, 2010, and the motion is ripe for determination.

Rule 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). The information and materials sought need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005), *quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). In the discovery context, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Id.*, *quoting Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D. Kan. 2001). Once the moving party establishes that the information and materials sought are within the scope of permissible discovery,

the burden shifts to the nonmovant to show why the discovery is irrelevant, overly broad, unduly burdensome, or should not be permitted. *See SSL Services, LLC v. Citrix Systems, Inc.*, No. 2-08-CV-158-TJW, 2010 WL 547478 at *2 (E.D. Tex. Feb. 10, 2010), citing *Spiegelberg Mfg., Inc. v. Hancock*, No. 3-07-CV-1314-G, 2007 WL 4258246 at *1 (N.D. Tex. Dec. 3, 2007).

The court initially observes that Request No. 43 is not limited in time or in scope to the claims or defense made the basis of this suit. Nor is there any indication that plaintiff offered to limit the time period or scope of production during his pre-motion conference with opposing counsel. Instead, plaintiff insists that defendant produce "all documents related to the acquisition, management, profitability, marketing, value (including tax value) and/or disposition" of the properties he managed while employed by AZT. While *some* of this financial information *may* be relevant to plaintiff's claims or defendant's counterclaims, the document request, as drafted, is overly overly broad on its face.

Moreover, plaintiff has failed to make a threshold showing that this financial information is within the scope of permissible discovery. In an attempt to meet this burden, plaintiff states:

> A large part of Plaintiff's expected compensation with Defendants was contemplated to be a profits interest based on the eventual sale of properties under Plaintiff's management. Plaintiff was deprived of this compensation due to his early termination, and Plaintiff needs financial information relating to such properties in order to estimate his damages from termination prior to liquidation of the properties he managed, which included the Raleigh Springs Project, the Roatan Hotel Project, and the Suites at Old Town Hotel in Kissimmee, FL.

(Plf. Mot. at 2). Plaintiff further argues that "full financials," including access to lease documents, is necessary to obtain expert testimony to rebut defendant's allegations of mismanagement. (*Id.* at 6). With respect to calculating damages, the court agrees with defendant that plaintiff has not shown any entitlement to lost profits before the properties are sold. At his deposition, plaintiff admitted that

that he would not be entitled to any profit shares on the Raleigh Springs Project or the Suites at Old Town Project until the properties were sold and a profit was realized. (*See* Jt. Stat. Rep., Exh. D at 2). Plaintiff offers nothing to counter this argument. Likewise, plaintiff, who was terminated effective July 20, 2009, does not explain how he can recover a profit share on properties valued or sold more than 18 months after his employment ended. As to financial information relating to defendant's counterclaim for lost profits due to mismanagement of the properties by plaintiff, defendant represents that it has produced all such information in its possession. (*See* Jt. Stat. Rep. at 5). Plaintiff has not responded to that assertion. Nor does plaintiff explain how *current* financial information regarding the properties is relevant to defendant's counterclaim. Either no explanation exists or plaintiff has failed to adequately brief the issue.[1] In any event, there is no showing that the requested financial information is within the scope of permissible discovery.

## CONCLUSION

For these reasons, plaintiff's expedited motion to compel discovery responses [Doc. #43] is denied. Plaintiff's request for an extension of the expert witness designation deadline is also denied.

SO ORDERED.

DATED: December 23, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Under the magistrate judge's Standing Order on Discovery Motions, "[t]he arguments, authorities, and evidence relied on by a party must be provided to opposing counsel before the attorneys finalize and sign the joint status report." *See* Standing Order, 10/25/10 at 3, ¶ 3. If the attorneys complied with their obligations under this order, the parties should have been fully aware of each other's arguments before this discovery dispute was presented to the court for determination.